73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James G. MUIR, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-16306.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1995.
Decided Dec. 26, 1995.
 
 Before: BOOCHEVER and REINHARDT, Circuit Judges, and KING,** District Judge.
 MEMORANDUM***
 James Muir (Muir) brought suit for damages against the United States of America (Government) under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq. (1988), claiming that government doctors working for the Veterans Administration (VA) committed medical malpractice. The district court granted the Government's motion to dismiss without leave to amend. We reverse.
 According to the complaint, in July of 1980, government doctors working for the VA failed to diagnose properly Muir's medical condition. Muir alleged that as a result he developed a brain tumor requiring surgery and sustained hearing loss and other neurological damage. Muir further alleged that he submitted an administrative claim to the VA on October 30, 1992. The VA did not respond to the administrative claim within six months, and Muir filed the present action.
 The Government filed a motion to dismiss for lack of subject matter jurisdiction, based on Muir's failure to comply with the FTCA's two-year statute of limitations. The Government argued that Muir's claim accrued in the mid 1970s, when a plastic surgeon advised Muir to have further medical tests done on a mass that was showing in his brain. In the alternative, the Government argued that Muir's claim accrued on August 8, 1990, when a magnetic resonance imaging (MRI) confirmed that Muir had a brain tumor. In either case, the Government asserted that Muir's claim was barred because Muir's complaint did not allege the filing of an administrative claim with the VA until October of 1992, more than two years after either accrual date.
 In opposition to the motion to dismiss, Muir argued that the FTCA claim did not accrue until August of 1990 and that he filed an administrative claim with the VA on November 8, 1990, even though he failed to allege both of these facts in his complaint. To support Muir's argument that his claim did not accrue until August of 1990, there were two medical reports, one which indicated that Muir was not suffering from a brain tumor in 1988 and a second which indicated that he had developed and been diagnosed with a brain tumor by August of 1990. To support Muir's claim that he filed an administrative claim with the VA on November 8, 1990, there was a copy of an administrative claim sent by Muir and dated November 8, 1990, which the Government submitted to the district court as part of its motion to dismiss. Also, at a hearing held on June 28, 1994, Muir stated that he had filed an administrative claim with the VA in November of 1990.
 After considering the Government's motion to dismiss and arguments at the hearing, the district court recognized that Muir discovered his condition no later than August of 1990. Because Muir's complaint did not allege making a claim with the VA until October of 1992, the district court concluded that Muir's claim did not satisfy the FTCA's two-year statute of limitations and therefore dismissed the action without leave to amend.
 The district court's dismissal on statute of limitations grounds presents a question of law reviewed de novo. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir.1994). When the question turns on what a reasonable person should know, a mixed question of law and fact is presented that is reviewed for clear error. Rose v. United States, 905 F.2d 1257, 1259 (9th Cir.1990).
 Under the FTCA, an administrative claim must be filed within two years of the claim's accrual. 28 U.S.C. Sec. 2401(b). Where the claim of medical malpractice is based on a failure to diagnose or treat a preexisting condition, "it is only when the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition that his cause of action can be said to have accrued for purposes of section 2401(b)." Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir.1983). Thus, whether the district court has subject matter jurisdiction here depends upon when Muir should have become aware of his brain tumor and when Muir filed his administrative claim with the VA.
 In his complaint, Muir failed to allege the date on which he discovered the brain tumor. Without alleging this jurisdictional fact, Muir's complaint on its face did not satisfy Federal Rule of Civil Procedure 8, which requires pleadings to contain "a short and plain statement of the grounds upon which the court's jurisdiction depends...." Fed.R.Civ.P. 8(a)(1). This deficiency in Muir's complaint would have supported dismissal with leave to amend, 28 U.S.C. Sec. 1653, but did not necessarily justify the drastic measure of dismissal without leave to amend. See Telluride Mgmt. Solutions Inc. v. Telluride Inv. Group, 55 F.3d 463, 466 (9th Cir.1995); Fidelity & Cas. Co. v. Reserve Ins. Co., 596 F.2d 914, 918 (9th Cir.1979).
 "Where the pleader's affidavits or other evidence show either that the court actually has jurisdiction over the case or that the nonmoving party might be able to amend to allege jurisdiction, the court may deny the motion [to dismiss] and direct the pleader to amend or it may dismiss with leave to amend within a prescribed period of time." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 1350, at 223-24 (2d ed. 1990) (footnotes omitted). See 28 U.S.C. Sec. 1653. "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington Northern, Inc., 942 F.2d 1467, 1472 (9th Cir.1991).
 Although there was evidence that Muir may have discovered the brain tumor at an earlier time, there was undisputed evidence that Muir should have been aware of his brain tumor no later than August of 1990. In August of 1990, an MRI confirmed that Muir had a brain tumor. No subsequent examination of Muir contradicted the findings of this MRI. Consequently, assuming Muir's claim accrued in August of 1990 as he contends, Muir could establish that he complied with the FTCA's two-year statute of limitations by proving that he filed an administrative claim with the VA before August of 1992.
 At the June 28, 1994 hearing, after patiently considering the disjointed arguments of counsel and their blatant failure to comply with pretrial orders, the district court accepted as true the complaint's allegation that Muir filed an administrative claim with the VA in October of 1992. Muir, however, was able to show that he had filed an administrative claim with the VA prior to August of 1992.
 In its motion to dismiss, the Government submitted to the district court a copy of an administrative claim sent by Muir, which the VA received on November 20, 1990. Moreover, at the hearing conducted on June 28, 1994, Muir informed the district court that he had sent an administrative claim to the VA in November of 1990. The copy of the claim submitted to the court by the Government, when coupled with Muir's statement, demonstrates that Muir is able to prove that he filed an administrative claim within two years of the August 1990 date which he contends was when he discovered his condition.
 Because Muir could amend his complaint and establish the jurisdictional facts necessary to satisfy the FTCA's statute of limitations requirement, the complaint should not have been dismissed without leave to amend.[1] See id.
 On remand, the district court must resolve the merits of Muir's claim to the extent necessary to allow the court to determine properly its own jurisdiction. See Augustine, 704 F.2d at 1079. Specifically, the district court must determine when Muir should have discovered the brain tumor. The court remains free to dismiss the action for lack of subject matter jurisdiction if, after amendment of the complaint and proper consideration of the merits, the court finds that Muir's claim for damages arose more than two years prior to the date on which he filed his administrative claim with the VA.
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Samuel F. King, Senior United States District Judge for Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ordinarily, parties should move to amend prior to the date of trial, see Jenkins v. Union Pac. R.R., 22 F.3d 206 (9th Cir.1994), although amendments to conform to the evidence are freely permitted. See Richardson v. United States, 841 F.2d 993, as modified, 860 F.2d 357 (9th Cir.1988). In this case, however, the jurisdictional issue was not raised until that late date justifying the tardy motion to amend